**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TOPSTEP LLC and<br>TOPSTEPTECHNOLOGIES LLC,<br><br>          Plaintiffs,<br><br>   vs.<br><br>TPSTP FX, PRO EDGE CAPITAL FX, and<br>DOES 1-5,<br><br>          Defendants. | Case No. 1:25-cv-11851<br><br>**COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

Plaintiffs Topstep LLC and TopstepTechnologies LLC (collectively, "***Topstep***"), by and through their undersigned attorneys, for their Complaint against Defendants TpStp FX, Pro Edge Capital FX, and DOES 1-5, state and allege as follows:

**NATURE OF THE CASE**

1.      This is an action to cease Defendants' unauthorized and unlawful use of the designations TPSTP FX, TOPSTEP FX, and TOP STEP FX in connection with their business, trading platform, and evaluation services in violation of Topstep's rights in and to its TOPSTEP, TOPSTEP FUNDED TRADER, and TOPSTEPTRADER trademarks.

2.      Topstep seeks injunctive and monetary relief for injuries that have been, and will continue to be, caused by Defendants' infringement of Topstep's TOPSTEP, TOPSTEP FUNDED TRADER, and TOPSTEPTRADER trademarks.

**THE PARTIES**

3.      Topstep LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 141 W. Jackson Blvd., Suite 4240, Chicago, IL 60604.

4.      TopstepTechnologies LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 141 W. Jackson Blvd., Suite 4240, Chicago, IL 60604.

5.      Upon information and belief, TpStp FX is the business entity behind the TpStp FX website at fx-pec.com, the TpStp FX platform and services, and related social media accounts, including the Instagram account TpStp FX (tpstpfx), the Telegram channel Topstep FX (topstepfx_official), the X account @topstepfx, and the YouTube channel Tpstp Fx (@TpstpFx).

6.      Upon information and belief, Pro Edge Capital FX is the business entity behind TpStp FX and provides support to the TpStp FX business through a Customer Support team contacted at support@proedgecapitalfx.com.

7.      The true names and/or capacities, whether individual, corporate, associate, or otherwise, of Defendants TpStp FX and Pro Edge Capital FX and Defendants named as DOES 1 through 5, inclusive, are unknown to Topstep, who therefore sues those Defendants by such fictitious names. Topstep will ask leave of court to amend this Complaint when their true names and/or capacities have been ascertained. Topstep is further informed and believes, and therefore alleges, that each of the fictitious named Defendants is responsible in some manner for the occurrences alleged herein.

8.      Topstep is informed and believes and therefore alleges that Defendants DOES 1 through 5, inclusive, and each of them, were the operators, owners, agents, or employees of the other Defendants and are jointly obligated with the other Defendants.

## JURISDICTION & VENUE

9.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121(a).

10.     This Court has supplemental jurisdiction over Topstep's state law claims under 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case, over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

11.     Defendants are subject to this Court's personal jurisdiction in that they: (1) transact business within the State of Illinois and this District; (2) contract to supply goods or services in the State of Illinois and this District; and (3) have committed the tortious acts specified herein within the State of Illinois and this District.

12.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because the claims alleged in the Complaint arose, in part, in this District, and because the Court has personal jurisdiction over Defendants in this District.

## FACTS COMMON TO ALL COUNTS

### A.  Topstep and Its TOPSTEP®, TOPSTEP FUNDED TRADER®, and TOPSTEPTRADER® Marks

13.     Topstep is an industry-leading futures prop trading firm that offers a trading talent evaluation program, enabling individuals to first learn how to trade in a simulated environment without risking their personal capital and then, once qualified, a risk-free opportunity to trade and earn actual capital.

14.     Topstep uses the trademark TOPSTEP to identify and designate the source of its trading platform and talent evaluation program goods and services.

15.     The TOPSTEP trademark has been used in connection with these goods and services dating back to 2010.

16.     In addition to its extensive common law rights, Topstep owns several federal trademark registrations consisting of or including its TOPSTEP trademark, including those shown in the chart below (collectively, the "***TOPSTEP Marks***"):

| Mark | Reg. No./Reg. Date | Class/Goods & Services |
|---|---|---|
| TOPSTEP | Reg. No.: 5,460,589<br>Registered: May 1, 2018 | Int'l Class: 42<br>Providing temporary use of nondownloadable software for recruiting traders to trade financial instruments; providing temporary use of non-downloadable software for trading financial instruments |
| TOPSTEP | Reg. No.: 6,615,303<br>Registered: Jan. 11, 2022 | Int'l Class: 9<br>Downloadable computer software and mobile applications for simulation of trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; downloadable computer software and mobile applications for trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies in a simulated environment; downloadable computer software and mobile applications for monitoring, analyzing, and organizing financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies |

| Mark | Reg. No./Reg. Date | Class/Goods & Services |
|---|---|---|
| TOPSTEP | Reg. No.: 6,615,304<br>Registered: Jan. 11, 2022 | Int'l Class: 36<br>Providing capital and financing for use in trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; providing financing to individuals, freelancers, start-ups, existing businesses and non-profits; financial sponsorship of individuals trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (non-fungible tokens), and other virtual currencies; financial information; financial advice; providing information, commentary, and advice in the field of finance, financial investments, financial markets, securities, commodities, equities, forex, foreign exchanges, and also cryptocurrency, crypto tokens, NFTs (non-fungible tokens), and other virtual currencies |
| TOPSTEP | Reg. No.: 6,615,305<br>Registered: Jan. 11, 2022 | Int'l Class: 41<br>Educational services, namely, conducting classes, seminars, conferences, lectures, and workshops in the fields of finance, financial investments, financial markets, securities, commodities, equities, forex, foreign exchanges, and also cryptocurrency, crypto tokens, NFTs (non-fungible tokens), and other virtual currencies as well as the distribution of training materials in connection therewith; providing online nondownloadable game software; providing online digital publications in the nature of blogs, articles, e-books, podcasts, and videos in the field of finance, financial investments, financial markets, securities, commodities, equities, forex, foreign exchanges, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies via the Internet |

| Mark | Reg. No./Reg. Date | Class/Goods & Services |
|---|---|---|
| TOPSTEP | Reg. No.: 6,615,306<br>Registered: Jan. 11, 2022 | Int'l Class: 42<br>Providing temporary use of online nondownloadable simulation software for trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; providing temporary use of online non-downloadable software for trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies in a simulated environment; providing temporary use of online non-downloadable software for monitoring, analyzing, and organizing financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; testing, training, analysis, and evaluation of the knowledge, skills and abilities of others in the field of trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies |
| TOPSTEP FUNDED TRADER | Reg. No. 7,804,561<br>Registered: May 20, 2025 | Int'l Class: 36<br>Providing financing to individuals, freelancers, start-ups, existing businesses and non-profits; financial sponsorship of individuals trading financial investments, securities, commodities, equities, fx, and forex |
| TOPSTEPTRADER | Reg. No.: 4,370,279<br>[Supplemental]<br>Registered: July 16, 2013 | Int'l Class: 36<br>Recruiting and scouting for traders to trade financial instruments |

Attached collectively hereto as **Exhibit A**, and incorporated herein by reference, are true and correct copies of the certificates for the above-identified registrations.

17.     The TOPSTEP Marks are valid and in full force and effect.

18.     Topstep's U.S. Trademark Registration No. 5,460,589 for TOPSTEP is incontestable.

19.     Topstep's TOPSTEP and TOPSTEP FUNDED TRADER trademarks are strong and inherently distinctive in connection with the goods and services for which they are used.

20.     Topstep's TOPSTEPTRADER trademark is strong and has acquired distinctiveness in connection with the services for which it is used.

21.     Topstep, directly and through its predecessors, is and has been continuously using the TOPSTEP Marks in connection with its high-quality trading platform, talent evaluation program, and related goods and services since at least as early as 2010.

22.     As a result of Topstep's widespread, continuous, and exclusive use of the TOPSTEP Marks to identify its goods and services and Topstep as their source, Topstep owns valid and subsisting federal statutory and common law rights to the TOPSTEP Marks.

23.     As a result of Topstep's long-term use and substantial investments of money, time, and effort in marketing, advertising, and promoting its trading goods and trading talent evaluation services sold under the TOPSTEP Marks, the TOPSTEP Marks have developed significant goodwill and consumer recognition, and have a highly valuable reputation.

**B.  Defendants' Business and Infringing Use of the TOPSTEP Marks**

24.     Upon information and belief, Defendant TpStp FX holds itself out as a trading firm.

25.     Defendant TpStp FX purports to be in the business of promoting, marketing, advertising, offering, and selling trading goods and services that offer traders the opportunity to receive funding to trade futures contracts.

26.     Defendants operate a commercial website (the "***TpStp FX Website***") at the domain name fx-pec.com, which was registered on August 23, 2024, with GoDaddy.com, LLC.

The registrant's name and contact information are masked from the public WHOIS database through Domains by Proxy, LLC, a privacy service owned by GoDaddy.

27.     Through the TpStp FX Website, Defendant TpStp FX purports to offer a trading platform—the TpStp FX platform—and evaluation programs like Topstep, wherein, once traders pass their evaluation phase, they are provided a funded trading account to trade and earn actual capital.

28.     Defendants use the designations TPSTP FX, TOPSTEP FX, and TOP STEP FX and to refer to Defendants' business, trading platform, and evaluation programs, and related goods and services.

29.     Attached collectively as **Exhibit B**, and incorporated herein by reference, are true and correct copies of screenshots from the TpStp FX Website describing and depicting Defendants' business, trading platform, and evaluation programs as goods and services Defendants currently purport to offer as of the filing date of this Complaint.

30.     Attached collectively as **Exhibit C**, and incorporated herein by reference, are true and correct copies of screenshots from the TpStp FX Website describing and depicting Defendants' business, trading platform, and evaluation programs as goods and services it purported to offer as of June 12, 2025, when Defendant TpStp FX was operating as TOP STEP FX.

31.     Defendants promote, market, advertise, offer, distribute, and/or sell Defendants' business, trading platform, and evaluation programs, and related goods and services under the designations TPSTP FX, TOPSTEP FX, and TOP STEP FX throughout the United States, including in the State of Illinois.

32.     Defendants adopted, are using, and intend to continue using the designations TPSTP FX, TOPSTEP FX, and TOP STEP FX with actual knowledge of Topstep's prior use of, and exclusive rights in, the TOPSTEP Marks.

33.     Topstep has not consented to, or authorized in any way, Defendants' use of the well-known and federally registered TOPSTEP Marks.

34.     Defendants market and promote Defendants' business, trading platform, evaluation programs, and related goods and services under the TPSTP FX, TOPSTEP FX, and TOP STEP FX designations on and through various platforms and channels, including on the internet and social media.

35.     Defendants' business purports to compete directly with Topstep.

36.     Upon information and belief, Defendant TpStp FX has changed its operating name multiple times over the course of the last year or so—from "Pro Edge Capital" to "Top Step FX" to "TpStp FX," in response to Topstep's efforts to enforce its trademark rights and stop Defendants' illegal conduct.

37.     Since the commercial launch of Defendants' business on or around September 12, 2024, Defendants have significantly harmed Topstep's goodwill. As of the date of this Complaint, Defendants TpStp FX and Pro Edge Capital FX have accumulated many consumer complaints, many of which report that Defendants are defrauding consumers. These complaints specifically identify Defendants TpStp FX, doing business as "Topstepfx," and Pro Edge Capital FX as the source of this illegal conduct.

38.     Attached collectively as **Exhibit D**, and incorporated herein by reference, are true and correct copies of screenshots from Trustpilot, a third-party online review community website, in which multiple consumers have described and depicted the illegal activities of

Defendants and the "TpStp FX"/"Topstep FX"/"Top Step FX"/"TOPSTEPFX" business, and have warned others regarding the purported goods and services being offered by Defendants and Defendants' business.

39. Defendants intentionally conceal their identities in an effort to deter Topstep from learning Defendants' true identities and the interworking of Defendants' illegal operations. The TpStp FX Website provides no physical address, phone number, or identifying information concerning the owners or operators of the business other than two email addresses: support@proedgecapitalfx.com and topstepfx@firmxchange.com.

40. On December 17, 2024, Topstep's counsel sent a cease-and-desist letter to Defendants TpStp FX (then doing business as TOP STEP FX) and Pro Edge Capital FX, explaining that the use of the designation TOP STEP FX in the US conflicts with Topstep's rights in and to the TOPSTEP Marks and requesting confirmation that Defendants would cease use of the TOP STEP FX designation. True and correct copies of the December 17, 2024, email to Defendants TpStp FX and Pro Edge Capital FX and the December 17, 2024, cease-and-desist letter attached thereto are attached collectively hereto as **Exhibit E**, and are incorporated herein by reference.

41. Defendants TpStp FX and Pro Edge Capital FX did not respond to the December 17, 2024, email or letter.

42. As of the filing of this Complaint, Defendants have refused to cease and desist from the use of the designations TOP STEP FX, TOPSTEP FX, and TPSTP FX.

43. Topstep has submitted multiple takedown requests concerning Defendants' social media accounts and online advertisements. Topstep has already successfully asserted the TOPSTEP Marks to takedown at least two of Defendant's Instagram accounts, which operated

under the usernames topstepfxcom and top.stepfx, but Topstep has since discovered a *third* Instagram account, which, upon information and belief, previously operated under the username fxpectrader and now operates under the username tpstpfx, in which Defendant continues to willfully infringe Topstep's TOPSTEP trademark by displaying a profile image with the TPSTP FX designation and multiple posts with the TOPSTEP FX designation. In addition, Topstep successfully asserted the TOPSTEP Marks to get the X (formerly Twitter) account @topstepfx suspended. Topstep also enforced the TOPSTEP Marks to remove a Google Ad by Defendant featuring the "Top Step FX" designation, only to find that Defendant created a new advertisement featuring the "TopStepFX" designation—both ads purchased by Defendant to appear above any of the genuine, organic search results for Topstep. Both ads have been removed/restricted by Google based on Topstep's trademark rights in and to the TOPSTEP trademark.

44.     Attached collectively as **<u>Exhibit F</u>**, and incorporated herein by reference, are true and correct copies of screenshots of Defendants' Instagram account TpStp FX (tpstpfx), excerpts from Defendants' Telegram channel Topstep FX (topstepfx_official), Defendants' X account @topstepfx, and Defendants' YouTube channel Tpstp Fx (@TpstpFx) as of the filing date of this Complaint.

45.     Defendants' TPSTP FX, TOPSTEP FX, and TOP STEP FX designations are confusingly similar to Topstep's TOPSTEP Marks—in fact, they incorporate Topstep's TOPSTEP trademark in its entirety, adding only the letters FX, which is a well-known acronym for "foreign exchange, a global market for trading currencies," and, in the case of TPSTP FX, simply delete the vowels "O" and "E" from "TOPSTEP." The similarities in sight, sound, and meaning between Defendants' TPSTP FX, TOPSTEP FX, and TOP STEP FX designations and

the TOPSTEP Marks are likely to confuse consumers and trade on the goodwill built up in the TOPSTEP Marks.

46.     The services purportedly offered and sold by Defendants under the TPSTP FX, TOPSTEP FX, and TOP STEP FX designations are identical, or closely related, to the goods and services covered by the TOPSTEP Marks, such that the parties are in direct competition and, therefore, are likely to create confusion among consumers regarding whether Defendants' services come from the same source or are somehow connected with or sponsored by Topstep.

47.     Upon information and belief, the services purportedly offered and sold by Defendants under the TPSTP FX, TOPSTEP FX, and TOP STEP FX designations and the goods and services in connection with which Topstep has used and is using the TOPSTEP Marks are or are likely to be promoted, distributed, and sold in the same marketing channels.

48.     Upon information and belief, the services purported offered and sold by Defendants under the TPSTP FX, TOPSTEP FX, and TOP STEP FX designations and the goods and services in connection with which Topstep has used and is using the TOPSTEP Marks are sold to the same classes of consumers, exercising ordinary caution. Given the degree of similarity of the parties' marks, even a knowledgeable purchaser may be confused, mistaken, or deceived.

49.     Upon information and belief, Defendants selected and adopted the TPSTP FX, TOPSTEP FX, and TOP STEP FX designations in an effort to take advantage of and profit improperly from the reputation, goodwill, and positive associations of Topstep's TOPSTEP Marks.

50.     Topstep has not authorized the use of the TOPSTEP Marks, or any portion thereof, by Defendants in any manner. Topstep continues to be harmed by Defendants' unauthorized use of the TOPSTEP Marks.

51.     Defendants' continued infringement of the TOPSTEP Marks is willful.

52.     Defendants' conduct has caused and will continue to cause irreparable injury to Topstep's goodwill and reputation, for which Topstep has no adequate remedy at law.

### COUNT I
**Federal Trademark Infringement – 15 U.S.C. §§ 1114, 1125**

53.     Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

54.     Topstep's use of the TOPSTEP Marks predates any alleged use by Defendants.

55.     Topstep owns the exclusive rights to the TOPSTEP Marks.

56.     Notwithstanding Topstep's well-known and prior common law and statutory rights in the TOPSTEP Marks, Defendants have, with actual and constructive notice of Topstep's federal rights, and long after Topstep established its rights in the TOPSTEP Marks, adopted and used the designations TPSTP FX, TOPSTEP FX, and TOP STEP FX in conjunction with the sale, offering for sale, distribution, and/or advertising of goods and services, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of those goods and services in interstate commerce.

57.     In view of the identity of the respective marks, the identical or related nature of the goods and services, similarity of the channels of trade, and overlap of the class of purchasers, Defendants' use of the designations TPSTP FX, TOPSTEP FX, and TOP STEP FX is likely to cause confusion, or to cause mistake, or to deceive purchasers as to source by suggesting that

Defendants' goods and services are associated or affiliated with, or approved, endorsed, authorized, or sponsored by Topstep, when in fact they are not.

58. Defendants' use of the designations TPSTP FX, TOPSTEP FX, and TOP STEP FX without the authorization of Topstep is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendants' goods and services and the sponsorship or endorsement of those goods and services by Topstep.

59. Topstep has not authorized, licensed, or otherwise condoned or consented to Defendants' use of the TOPSTEP Marks.

60. Despite the fact that Defendants have actual knowledge of Topstep's rights in and to the TOPSTEP Marks, Defendants have used, and upon information and belief, will continue to use the TOPSTEP Marks in complete disregard of Topstep's rights.

61. Through the continued use of the TPSTP FX, TOPSTEP FX, and TOP STEP FX designations, Defendants have misappropriated Topstep's substantial rights in and to the TOPSTEP Marks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Topstep, enjoy the selling power of the TOPSTEP Marks, and allow Defendants to improperly blunt and interfere with Topstep's continued promotion and expansion of the TOPSTEP Marks.

62. Upon information and belief, Defendants' unlawful acts were committed with full knowledge of Topstep's rights and with the intention of deceiving and misleading the public.

63. Upon information and belief, Defendants' unlawful acts were committed with full knowledge of Topstep's rights and with the intention of causing harm to Topstep.

64.     Upon information and belief, Defendants' unlawful acts were committed with full knowledge of Topstep's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Topstep and the TOPSTEP Marks.

65.     Defendants' infringing activities have caused and will continue to cause irreparable harm to Topstep if Defendants are not restrained by this Court.

66.     As a direct and proximate result of Defendants' unlawful infringement, Topstep has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

### COUNT II
### Federal Unfair Competition & False Designation Of Origin - 15 U.S.C. § 1125(a)

67.     Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

68.     Topstep's use of the TOPSTEP Marks predates any alleged use by Defendants.

69.     Defendants' unauthorized use of the TPSTP FX, TOPSTEP FX, and TOP STEP FX designations is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' goods and services or commercial activities with Topstep or Topstep's goods and services, or commercial activities, or as to the origin, sponsorship, or approval of Defendants' goods and services or commercial activities by Topstep.

70.     Defendants' use of the TPSTP FX, TOPSTEP FX and TOP STEP FX designations is competing unfairly with Topstep in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.     The aforesaid acts of Defendants constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

73.     As a direct and proximate result of Defendants' infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

74.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

### COUNT III
### Federal False Advertising - 15 U.S.C. § 1125(a)

75.     Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

76.     Topstep's use of the TOPSTEP Marks predates any alleged use by Defendants.

77.     Defendants' unauthorized use of the TOPSTEP Marks, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendants' goods and services or commercial activities.

78.     Defendants' use of the TOPSTEP Marks is a false or misleading statement of fact in a commercial advertisement about a product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendants' use of the TOPSTEP Marks in interstate commerce in connection with a trading platform and evaluation program services has either deceived or has the capacity

to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

80.     The aforesaid acts of Defendants constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

81.     The aforesaid acts of Defendant were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving the public and causing harm to Topstep.

82.     As a direct and proximate result of Defendants' infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

83.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

## COUNT IV
### Violation Of The Uniform Deceptive Trade Practices Act Under Illinois Law

84.     Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

85.     Topstep's use of the TOPSTEP Marks predates any alleged use by Defendants.

86.     Defendants' unauthorized use of the TOPSTEP Marks in connection with Defendants' services is likely to cause confusion or mistake or to deceive as to the source or origin of Defendants' services, resulting in unfair competition and deceptive trade practices in violation of the Deceptive Trade Practices Act under Illinois law, 815 ILCS 510.

87.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

88. As a direct and proximate result of Defendants' unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

89. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

## COUNT V
**Trademark Infringement & Unfair Competition – Illinois Common Law**

90. Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

91. Topstep's use of the TOPSTEP Marks predates any alleged use by Defendants.

92. The aforesaid acts of Defendants constitute trademark infringement in violation of common law.

93. The aforesaid acts of Defendants were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

94. As a direct and proximate result of Defendants' infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

95. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

96. The aforesaid acts of Defendants constitute unfair competition in violation of common law.

97.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

98.     As a direct and proximate result of Defendants' infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

99.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Topstep respectfully demands judgment finding that Defendants are infringing and diluting Topstep's trademark rights, competing unfairly with Topstep, falsely associating Defendants' goods and services and commercial activities with Topstep, and engaging in deceptive trade practices, and that Defendants' actions are deliberate, intentional, and willful violations of Topstep's rights in and to its trademarks, and ordering:

A. That Defendants, and each of their officers, directors, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them, be enjoined preliminarily and permanently from:

(i) using the TOPSTEP Marks, or any other logo, device, word mark, or trade dress that is a colorable imitation of, or is confusingly similar to, Topstep's TOPSTEP Marks, in connection with the advertising, distribution, marketing, offering for sale, or sale of any trading platform, evaluation programs, or related goods and services without express authorization by Topstep, including in connection with any social media accounts or posts;

(ii) representing in any manner or by any method whatsoever, that goods, services or other products provided by Defendants are sponsored, approved, authorized by, or originate from Topstep or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services;

(iii) infringing the TOPSTEP Marks and damaging Topstep's goodwill;

(iv) otherwise competing unfairly with Topstep in any manner; and

(v) operating and/or hosting websites at fx-pec.com or any social media accounts registered or operated by Defendants that are involved with the advertising, distribution, marketing, offering for sale, or sale of any trading platform, evaluation programs, or related goods and services using the TOPSTEP Marks, or any other logo, device, word mark, or trade dress that is a colorable imitation of, or is confusingly similar to, Topstep's TOPSTEP Marks, including TPSTP FX, TOPSTEP FX, and/or TOP STEP FX, without express authorization by Topstep.

B. That Defendants be required to deliver up to Topstep for destruction all products, containers, labels, packaging, wrappers, signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials and the like bearing or distributed under the TPSTP FX, TOPSTEP FX, or TOP STEP FX designations, or any confusingly similar variations thereof;

C. That Defendants, within 30 days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Topstep's attorneys a written report under oath setting forth in detail the manner in which Defendants have complied with the injunctive relief ordered;

D. That Defendants be required to engage in corrective advertising with all distributors, vendors, sales representatives, and account managers that received products, containers, labels, packaging, wrappers, signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials comprised of or bearing the TPSTP FX, TOPSTEP FX, or TOP STEP FX designations, to mitigate the damage done to Topstep's reputation and to the distinctive quality of the TOPSTEP Marks, including the harm to the goodwill associated with the TOPSTEP Marks, from Defendants' unlawful conduct;

E. That Defendants be required to account for and pay over to Topstep the profits received and the cumulative damages sustained by Topstep by reason of Defendants' unlawful acts of trademark infringement, trademark dilution, false association, unfair competition, and deceptive trade practices herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Topstep;

F. That Topstep be awarded restitution and/or disgorgement of Defendants' profits;

G. That Topstep be awarded its reasonable costs and attorneys' fees;

H. That Topstep be awarded punitive damages; and

I. That Topstep be awarded such other and further relief as the Court may deem equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Topstep hereby demands a trial by jury on all issues so triable in this action.

Dated: September 29, 2025

Respectfully submitted,

 /s/*Angela R. Gott*
Angela R. Gott (0082198)
agott@beneschlaw.com
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114-1284
(216) 363-4671 (telephone)
(216) 363-4588 (facsimile)

Laura M. Schaefer (6321447)
lschaefer@beneschlaw.com
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606-4637
(312) 212-4973 (telephone)
(216) 363-4588 (facsimile)

*Attorneys for Plaintiffs*
*Topstep LLC and TopstepTechnologies LLC*